of the Claim for Compensation under the Workmen's Compensation Law, Made by AKSEL EMIL REINHARDT, Respondent, v. NEWPORT FLYING SERVICE CORPORATION, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of BERTHA SCHOLTZHAUER, Dependent Mother, and Dependent Sisters, Respondents, on Account of the Death of IRMA DALE SCHOLTZHAUER, for Compensation under the Workmen's Compensation Law, v. C. & L. LUNCH COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.— Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ELIZABETH O'SULLIVAN, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of FLORENCE O'SULLIVAN, Deceased, v. A. H. WOODS THEATRE COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.— Motion denied.

JAMES McPHILLIPS, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Motion denied.

KADY MAYERSAK, Appellant, v. MERRILL H. CLEVELAND, Respondent.— Motion granted, with ten dollars costs.

THOMAS V. McMANUS, Appellant, v. CHARLES VAN DUZER, Respondent.— Motion granted, with ten dollars costs, unless the appellant, within sixty days, perfects the appeal, and pays such costs, in which case motion is denied, without costs.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by HENRY QUICK, Respondent, v. THE FRED E. ILLSTON ICE COMPANY, Employer, and ICE DEALERS MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.— Motion denied.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by ANNA McCLOSKEY, Widow, Respondent, for Herself and Infant Children, on Account of the Death of DANIEL McCLOSKEY, Deceased, v. RICHARD HELLMANN, INC., Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.— Motion denied.

NEW PALTZ, HIGHLAND AND POUGHKEEPSIE TRACTION COMPANY, Appellant, v. ALBERT H. MARTIN, Individually and as Tax Collector of the Town of Lloyd, Ulster County, New York, Respondent.— Order unanimously affirmed, with ten dollars costs and disbursements.

THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Successor Trustee under the Mortgage Described in the Complaint Herein, Respondent, v. THE KNICKERBOCKER BREWING CORPORATION and THE KNICKERBOCKER PRODUCTS CORPORATION, Defendants. WILLIAM E. WOOLLARD and ANTHONY ENGESSER, Appellants; CHARLES F. MURRAY, Referee to Sell, and HOWARD HENDRICKSON, Chairman of the Knicker-

bocker Brewing Corporation Bondholders Protective Committee, Purchaser at Sale Had in the Above Entitled Action, Respondents.— Order unanimously affirmed, with ten dollars costs and disbursements.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARLEY S. FOSGATE, Appellant.— Judgment of conviction affirmed; the court considering that if there was any error in the admission of the testimony of Torrey it could not have affected the result. All concur, except Kiley, J., who dissents on the ground that the admission in evidence of the testimony of Torrey, clerk of the town board, as to the statements made by the supervisor at a meeting of the board, when the defendant was not present, was error.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. E. H. MILLER v. GEORGE C. VAN TUYL, JR., and Others.— Application denied.*

FOURTH DEPARTMENT, MAY, 1921.

In the Matter of the Construction of the Last Will and Testament of OSCAR W. BUMP, Deceased. GUARANTY TRUST COMPANY OF NEW YORK, as Executor, etc., and Others, Appellants; GERTRUDE M. BUMP, Individually and as Administratrix, etc., Respondent.— Paragraphs first and fourth of the decree reversed, with separate bills of costs to each of the parties appearing upon this appeal by separate attorneys and filing briefs, including the special guardian, payable out of the corpus of the estate, and matter remitted to the Surrogate's Court for further proceedings in accordance with this decision and for fixing the compensation of the special guardian for his services, to be paid out of the corpus of the estate. Held, this court holds and decides that as to the corpus of the estate of Oscar W. Bump, deceased, his will speaks as of the date of the death of the surviving sister, Gertrude M. Bump, and not as of the date of the death of his widow, Ethalaide Bump, nor as of the date of his death; and this court further holds and decides that what remains of the corpus of the estate undisposed of at the death of the surviving sister, Gertrude M. Bump, passes to a class of persons to be ascertained at the death of said Gertrude M. Bump answering the description of heirs at law and next of kin of the said testator as if he had died at that time, and the same should be distributed accordingly. All concur, except Clark, J., who dissents and votes for affirmance, and Lambert, J., not voting.

JOHN JOHNSON CONSTRUCTION CO., Appellant, v. CITY OF JAMESTOWN, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to plead over within twenty days, upon payment of the costs of the motion and of this appeal. Held, that the statement in the complaint, " That such agreement on the part of the city was made and accepted by such commission for the purpose of providing against delays in the work of any contractor undertaking such improvement and for his benefit," was a state-

* For additional decisions of this term, see *post*, p. 929.— [REP.